**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

JAN 2 2 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff,** | ) ) ) |
| v. | ) ) |
| $27,850,00, MORE OR LESS,<br>IN U.S. CURRENCY,<br>**Defendant.** | ) ) ) ) |

**A18CV0056 RP**

CIVIL NO. _____

## VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff United States of America, by and through the United States Attorney for the Western District of Texas, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

### I.   NATURE OF THE ACTION

1.   This action is brought by the United States seeking forfeiture to the United States of the following property: **$27,850.00, More or Less, in U.S. Currency (hereinafter "Defendant Property").**

### II.   STATUTORY BASIS FOR FORFEITURE

2.   This is a civil forfeiture action *in rem* brought against the Defendant Property for violation of the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*) and subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), which states:

**§ 881.  Forfeitures**
 **(a)  Subject property**
   The following shall be subject to forfeiture to the United States and no property right shall exist in them:
     …

**(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

### III.   JURISDICTION AND VENUE

3.      Under 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), the Court has jurisdiction over an action for forfeiture.  This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. §§ 1355(b) and 1395.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this District and because the Defendant Property is found in this District.  *See also* 28 U.S.C. § 1395(b).

5.      The Defendant Property was seized in Austin, Texas on August 13, 2017, by the Austin Police Department (APD) and adopted by Drug Enforcement Administration (DEA).  The Defendant Property has remained in the custody of the DEA, within the jurisdiction of the United States District Court, Western District of Texas, and shall remain within the jurisdiction of the court pending litigation of this case.

### IV.   FACTS IN SUPPORT OF FORFEITURE

6.      Around 5 p.m. on Sunday, August 13, 2017, a Transportation Security Administration (TSA) employee – working an x-ray screening area at the Austin Bergstrom International Airport (ABIA) – noticed a large amount of currency in a carry-on bag belonging to a 23-year-old male, who was later identified as Kevin James Escue (Escue).

7.      The TSA employee requested a secondary bag check.  Escue was escorted to a secondary screening area.  A TSA screener determined that Escue was carrying about $20,000 in

2

cash in his carry-on bag and about $5,000 in his pocket, which was wrapped with rubber bands. A TSA supervisor was alerted to the situation, and the APD was called.

8.      Officers Hudson and Rodriguez arrived on scene and took over the investigation. Escue was asked about how much money he was carrying; he stated $25,000.  Escue was asked about his destination; he replied San Francisco.

9.      Based on training and experience, law enforcement personnel know that San Francisco is considered a "source city" for the smuggling of high-grade marijuana to the Austin area.  Because of the high profit margin, law enforcement personnel know that it is common place for subjects to fly from the Austin area with large sums of currency to the West Coast area, including San Francisco, to purchase marijuana so that the marijuana may be brought back to the Austin area for distribution.  The subjects carrying the large sums of currency, often purchase one-way airline tickets within a day or less of their flight.  In addition, the subjects cannot explain their travel plans, *e.g.,* purpose for travel, hotel reservations, means of transportation at destination site, and/or provide verification of how or where the currency was obtained.

10.     As the conversation progressed, Escue was asked why he was traveling with so much cash.  Escue stated that he was on his way to purchase a Peterbuilt semi-truck, which he located on Craigslist, for his grandfather.  When pressed about not using a bank to avoid traveling with so much cash, Escue replied that he did not have a bank account.  Escue also explained that his grandfather, Billy Post (Post), owned a trucking company out of Houston: AASAP Transport, Inc.

11.     Escue invited the APD officers to call Post to verify his story.  Officer Rodriguez called the number provided by Escue and spoke with a male who identified himself as Post.  Post stated that Escue works for his company (AASAP Transport, Inc.) and travels for the business.

Post, however, could not corroborate Escue's travel to San Francisco (instead, thinking Escue was headed to Houston), and Post was unaware of Escue's possession of a large amount of cash. Post explained that he was unaware about the money (a) because his wife and sons run the company and (b) because Escue has access to Post's bank account.  While on the phone with the officer, Post asked his wife about Escue, but she was also unaware of where Escue was headed or why he possessed a large amount of cash.

  12. While Officer Rodriguez spoke with Post, Officer Hudson asked Escue about his flight.  Escue's flight was scheduled to depart at 5:44 p.m., *i.e.,* in approximately seven minutes. The officer noted that Escue was a late arrival to the airport and knew that arriving late to the airport is a common tactic used by narcotics traffickers in an attempt to speed through the check-in process and reduce the amount of time exposed to law enforcement.  Escue also confirmed that the address on his driver's license was his home address (in Pinehurst, Texas).  Escue was asked why he didn't simply fly out of Houston (which was closer than Austin[1]); Escue replied that there were no direct flights from Houston to San Francisco, and because Austin did have direct flights to San Francisco, he chose to fly out of Austin.  Escue's reply contrasted with the officers' knowledge that there were at least twelve direct flights from Houston to San Francisco on that day.

  13. The officers next tried to confirm Escue's story about traveling to purchase a semi-truck.  But Escue could not provide any documentation or further information about the truck.  For example, he did not know who he was buying the truck from and where he was going to meet to see the truck, and he could not show the officers the information on Craigslist as he

---

[1] Pinehurst, Texas is about 40 miles from the George Bush Intercontinental Airport in North Houston and about 50 miles from the William P. Hobby Airport in Southeast Houston while the ABIA is 133 miles from Pinehurst, Texas.

previously stated.  Escue was asked again about who was sending him to buy the truck since his grandfather did not know anything about it.  At this point, Escue changed his story, now asserting that his uncle was sending him for the truck.  When asked who had provided the money, Escue would not identify a person, instead answering "my family" several times.

14.     Escue was advised that he was not under arrest and was free to leave without the money, which remained under investigation.  Escue was asked for any receipt that might document how or where the currency was obtained, but Escue could not provide any such documentation.  Escue chose to depart, leaving the money with the officers.  Although Escue departed the checkpoint, the officers observed that he did not proceed to the gate for his flight that was leaving within minutes.

15.     An APD officer and his certified drug dog were called to the scene.  The drug dog is a trained and experienced narcotics detection dog that is annually certified in detecting the odors of cocaine, ecstasy, heroin, marijuana, methamphetamine, and some of their derivatives.  The officer deployed the drug dog in accordance with his training, the drug dog alerted to the bag containing the currency.

16.     The money was then placed in an evidence bag and secured in a safe at the APD's office at the airport.  On August 14, 2017, the evidence bag was taken to the APD offices where it was counted.  The Defendant Property consisted of the following:

| Denomination | Number | Value |
|---|---|---|
| $100 | 250 | $25,000 |
| $50 | 57 | $2,850 |
| | Total | $27,850 |

17.     In continuing the investigation, an APD officer telephoned Escue on August 15 and August 16, 2017.  Escue did not answer either call.  Voice messages were left, but Escue did not return the calls.

18.     A review of Escue's criminal history shows a 2013 arrest for Possession of Marijuana and a 2014 arrest for Possession of Marijuana.  Additionally, a records check failed to show any reported earnings for Escue.

19.     On September 25, 2017, the DEA provided Escue; Post; and AASAP Transport, Inc. with notice of the seizure of the Defendant Property and of its intention to administratively forfeit the Defendant Property pursuant to the Controlled Substances Act.  On October 27, 2017, Escue submitted an administrative claim to the DEA, contesting the forfeiture of the Defendant Property.  On October 27, 2017, Post submitted an administrative claim to the DEA for $9,500 of the Defendant Property, averring it was money loaned to Escue.

20.     Based on the foregoing facts, it is reasonable to believe that the Defendant Property is subject to forfeiture given:  (1) the large amount of cash seized; (2) the positive dog alert on the Defendant Property; (3) Escue's inability to provide any information related to his intended vehicle purchase; (4) his destination to a known source city for drug trafficking, (5) the officers' inability to corroborate any part of Escue's story, (6) Escue's prior arrest history; and (5) Escue's lack of earnings to explain the accumulated cash.  In other words, it is reasonable to believe that the Defendant Property constitutes property involved in or intended to facilitate a transaction related to the buying and selling of narcotics and/or constitutes or is derived from proceeds of drug transactions.   Therefore, the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for the violation of 21 U.S.C. §§ 801 *et seq.*

## V.    PRAYER

WHEREFORE, PREMISES CONSIDERED, the United States prays that due process issue to enforce the forfeiture of the Defendant Property, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[2] that a warrant for an arrest in rem be ordered, that the Defendant Property be forfeited to the United States of America, that the Defendant Property be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

By:  _____

DANIEL M. CASTILLO
Assistant United States Attorney
Texas State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Tel: (512) 916-5858
Fax: (512) 916-5854
Email: Daniel.Castillo@usdoj.gov

ATTORNEYS FOR PLAINTIFF,
UNITED STATES OF AMERICA

---

[2]Appendix A, Notice of Complaint of Forfeiture, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Defendant Property.

## VERIFICATION

I, Jeff Brennecke, declare and state as follows:

1.      I am a Task Force Officer with the Drug Enforcement Administration assigned to the Austin Resident Office.  I am the investigator responsible for the accuracy of the information provided in this litigation.

2.      I have read the above Verified Complaint for Forfeiture and know the contents thereof.  The information contained in the Verified Complaint for Forfeiture has been furnished by official government sources, and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of January, 2018.

_____
JEFF BRENNECKE, Task Force Officer
Drug Enforcement Administration
Austin Resident Office

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **A18CV0056 RP** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **$27,850.00, MORE OR LESS,** | ) | |
| **IN U.S. CURRENCY,** | ) | |
| **Defendant.** | ) | |

## NOTICE OF COMPLAINT FOR FORFEITURE

1.      On January 22, 2018, a Verified Complaint for Forfeiture *in rem* was filed in this

Court by the United States Attorney for the Western District of Texas, against the below-

described property, which is also specifically described in the Verified Complaint for Forfeiture,

for violation of 21 U.S.C. §§ 801 et seq., and subject to forfeiture to the United States of

America pursuant to 21 U.S.C. § 881(a)(6), namely:

**$27,850.00, More or Less, in U.S. Currency**

**(hereinafter "Defendant Property").**

2.      Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime

Claim and Asset Forfeiture Actions (hereinafter "Supplemental Rules"), notice to any person

who reasonably appears to be a potential claimant shall be by direct notice.  Accompanying this

notice is the Verified Complaint for Forfeiture which has been filed in this cause and which

describes the Defendant Property.  Pursuant to Supplemental Rule G(4)(b), any person claiming

an interest in the Defendant Property who has received direct notice of this forfeiture action must

file a Claim, in compliance with Rule G(5)(a), with the court **within 35 days after the notice**

**was sent, if delivered by mail, or within 35 days of the date of delivery, if notice was**

APPENDIX A

**personally served**.  An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **21 days** of the Claim being filed.

3.      The Claim and Answer must be filed with the Clerk of the Court, 501 W. Fifth Street, Austin, Texas 78701, and copies of each must be served upon Assistant United States Attorney Daniel M. Castillo, 816 Congress Avenue, Suite 1000, Austin, Texas 78701, or default and forfeiture will be ordered.  *See* 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions.

4.      Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

APPENDIX A

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$27,850.00, More or Less in U.S. Currency

**A18CV0056RP**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Travis County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
United States Attorney's Office
Daniel M. Castillo, AUSA
816 Congress Ave., Suite 1000, Austin, TX 78701, (512) 916-5858

Attorneys *(If Known)*
Rick Flores, Minton, Burton, Bassett & Collins, 1100 Guadalupe St.,
Austin, TX 78701
(512) 476-4873

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|   & Enforcement of Judgment |    Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |    Liability   ☐ 368 Asbestos Personal | | ☐ 840 Trademark |    Corrupt Organizations |
|   Student Loans | ☐ 340 Marine    Injury Product | | | ☐ 480 Consumer Credit |
|   (Excludes Veterans) | ☐ 345 Marine Product    Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |    Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|   of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud |    Act | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |    Product Liability   ☐ 380 Other Personal |    Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |    Injury   ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -    Product Liability |    Leave Act | |    Act |
| |    Medical Malpractice | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY**   **CIVIL RIGHTS**   **PRISONER PETITIONS** | | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation   ☐ 440 Other Civil Rights   **Habeas Corpus:** | |    Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |    Act/Review or Appeal of |
| ☐ 220 Foreclosure   ☐ 441 Voting   ☐ 463 Alien Detainee | | |    or Defendant) |    Agency Decision |
| ☐ 230 Rent Lease & Ejectment   ☐ 442 Employment   ☐ 510 Motions to Vacate | | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land   ☐ 443 Housing/    Sentence | | |    26 USC 7609 |    State Statutes |
| ☐ 245 Tort Product Liability    Accommodations   ☐ 530 General | | | | |
| ☐ 290 All Other Real Property   ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | | **IMMIGRATION** | | |
|    Employment   **Other:** | | ☐ 462 Naturalization Application | | |
| ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | | ☐ 465 Other Immigration | | |
|    Other   ☐ 550 Civil Rights | |    Actions | | |
| ☐ 448 Education   ☐ 555 Prison Condition | | | | |
|   ☐ 560 Civil Detainee - | | | | |
|    Conditions of | | | | |
|    Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
21 U.S.C. Sec. 801 et seq

Brief description of cause:
Drug Proceeds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE                                        DOCKET NUMBER

DATE
01/22/2018

SIGNATURE OF ATTORNEY OF RECORD
*Daniel M. Castillo*

## FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE  Pitman            MAG. JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**A18CV0056RP**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **$27,850.00, MORE OR LESS,** | ) | |
| **IN U.S. CURRENCY,** | ) | |
| **Defendant.** | ) | |

## WARRANT FOR THE ARREST OF PROPERTY

TO THE UNITED STATES MARSHALS SERVICE OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on January 22, 2018, against the following Property:

### $27,850.00, More or Less, in U.S. Currency

**(hereinafter "Defendant Property")**, alleging that the Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) for violation of 21 U.S.C. §§ 801 et seq., and

WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for the Arrest of Defendant Property be issued as prayed for by Plaintiff United States of America,

YOU ARE THEREFORE COMMANDED to arrest the Defendant Property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody, or control the Defendant Property is presently found and to use whatever means may be appropriate to protect and maintain the Defendant Property in your custody until further order of this Court,

including designating a substitute custodian or representative for the purposes of maintaining the

care and custody of the Defendant Property and to make a return as provided by law.

      SIGNED this _____ day of _____, 2018.


                  JEANNETTE J. CLACK
                  United States District Clerk
                  Western District of Texas


      By: _____
                  Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **A18CV0056RP** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| **$27,850.00, MORE OR LESS,** | ) | |
| **IN U.S. CURRENCY,** | ) | |
| **Defendant.** | ) | |

## ORDER FOR WARRANT OF ARREST OF PROPERTY

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on January 22, 2018, against the following Property:

**$27,850.00, More or Less, in U.S. Currency**

**(hereinafter "Defendant Property")**, alleging that the Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) for violation of 21 U.S.C. §§ 801 et seq.; IT IS THEREFORE

ORDERED that a Warrant for the Arrest of Defendant Property issue as prayed for, and that the United States Marshals Service for the Western District of Texas, or any other law enforcement officer, or any other person or organization authorized by law to enforce the warrant, be commanded to arrest the Defendant Property and take it into possession for safe custody as provided by Rule G, Supplemental Rules of Federal Rules of Civil Procedure until further order of the Court, and to use whatever means may be appropriate to protect and maintain the Defendant Property while in custody, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Defendant Property and to make a return as provided by law.

SIGNED this _____ day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE